UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIPPMANN PNEUMATICS, LLC ) <br> (n/k/a Tippmann Sports, LLC), ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> BRASS EAGLE, LLC (Successor in ) <br> Interest to Brass Eagle, Inc.), ) <br> ) <br>     Defendant. ) | CASE NO. 1:04-CV-449-TLS |

**OPINION AND ORDER**

**A.     Background**

On November 4, 2004, the Plaintiff filed its Complaint alleging patent infringement against Brass Eagle, Inc. On June 2, 2005, the Plaintiff filed its Amended Complaint, naming Brass Eagle, LLC, as defendant. The Plaintiff alleges that it owns patent number 5,722,383 ("Patent '383") for an invention entitled "Impeder for a Gun Firing Mechanism with Ammunition Feeder and Mode Selector." (1st Am. Compl. ¶ 8.) The Plaintiff states that the Defendant is "willfully and deliberately infringing, inducing infringement of and/or contributorily infringing the '383 Patent" by "making, using, selling and/or offering to sell products claimed in the '383 Patent." (1st Am. Compl. ¶ 10.) The Plaintiff identified the Defendant's products that were violating the '383 patent as the eVlution, eVlution II, and Envy power loaders. These products are sold on Brass Eagle websites and through several retailers.

On June 17, 2005, the Defendant moved for a more definite statement under Rule 12(e) and to dismiss the complaint under 12(b)(6). The Defendant filed its Answer on June 17 as well. The

Defendant argues that the Amended Complaint does not state facts sufficient to state a claim under Rule 12(b)(6) because it does not list which of the thirty-three patent claims[1] in the '383 Patent the Defendant has violated. The Defendant argues in the alternative that an order for a more definite statement under Rule 12(e) is required because omitting this information makes it too difficult to frame an answer or counterclaim. The Plaintiff filed its Response on July 8, 2005, and the Defendant filed its Reply on July 14, 2005.

**B.     Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)**

**(1)     *Rule 12(b)(6) Standard***

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Federal notice pleading requires only that the plaintiff "set out in [its] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago,* 195 F.3d 950,

---

[1] A "patent claim" is a portion of a patent that defines or delimits the scope of the legal protection which the government grant gives the patent owner. *See Gen. Foods Corp. v. Studiengesellschaft Kohle mbH*, 972 F.2d 1272, 1274 (Fed. Cir. 1992).

2

951 (7th Cir.1999)).

**(2)** *Analysis*

The Defendant seeks dismissal of the Plaintiff's Complaint on the ground that the Plaintiff has "failed to allege any particular acts sufficient to support its claim against Brass Eagle for infringement of the '383 patent." Also, the Complaint "has not identified the specific [patent] claims allegedly infringed." (Def. Br. in Supp. of Mot. to Dismiss 6.)

The Plaintiff is correct to respond that there is no heightened pleading standard for patent infringement claims and that its Complaint is sufficient to put the Defendant on notice. Rule 8 means what it says; all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Leatherman v. Tarrant County Narcotics*, 507 U.S. 163 (1993) (holding that there are no heightened pleading standards other than those listed in Rule 9). A claim for patent infringement is sufficient to put the defendant on notice even if it does not state which patent claims were infringed. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) ("The Rule 12(b)(6) pleading requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent.").

The sample complaints in the Appendix of Forms indicate how short and plain a complaint may be while still satisfying Rule 8. Rule 84 states: "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84. Form 16 illustrates a patent complaint. Thus, if a plaintiff's complaint is as detailed as Form 16 and includes the

3

elements included in Form 16, the Court must find the complaint sufficient and may not require more. Form 16 includes a statement of ownership of a patent, allegations that the defendant is infringing on the patent, and identification of the type of defendant's products using the patented invention.

The Plaintiff's Complaint states its ownership of patent '383. The Complaint alleges that the Defendant's products eVlution, eVlution II, and Envy power loaders are infringing on the '383 patent. The Complaint includes all the elements included in Form 16. Thus, the complaint is sufficient to provide notice to the Defendant of the Plaintiff's claims.

The Defendant cites no case in which a court has dismissed a complaint alleging patent infringement for failing to specifically state the patent claims infringed. The allegations in the Complaint, assumed to be true for purposes of a 12(b)(6) motion, are sufficient to state a claim for patent infringement. The Defendant's Motion to Dismiss is denied.

**C.      Defendant's Motion for a More Definite Statement Pursuant to Rule 12(e)**

**(1)     *Rule 12(e) Standard***

The Defendant also moves for a more definite statement pursuant to Rule 12(e).  A motion for a more definite statement pursuant to Rule 12(e) will be granted if a "pleading to which a responsive pleading is permitted is so vague and ambiguous that the party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Whether to grant a motion for a more definite statement is within the sound discretion of the trial court. *See, e.g.*, *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003). "Because of the many discovery procedures presently available to litigants in federal courts, district judges are admonished to

exercise their discretion sparingly in ordering more definite statements . . . ." *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (D.C. Wis. 1985). In fact, a motion under Rule 12(e) will be denied when it is reasonable to use discovery procedures to remedy the alleged vagueness or ambiguity. *Id.* "A motion for a more definite statement should not be used to obtain factual details or as a substitute for discovery." *Hilst v. Freedom Graphic Sys.*, 2003 WL 23190928, at *1 (W.D. Wisc. Aug. 27, 2003). "[I]f the moving party is able to discharge her pleading obligations under the rules, a Rule 12(e) motion based on the belief that a better affirmative pleading by the opposing party will enable her to provide a more enlightening or accurate response will be denied." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2004).

**(2)    *Analysis***

As stated above, the Plaintiff's Complaint meets the sufficiency requirements of Rule 8 and gives sufficient notice to the Defendant. In fact, the Defendant was able to file an Answer to the Complaint. The Defendant cites several cases in which motions for more definite statements have been granted where a complaint alleging patent infringement failed to state which patent claims were violated. The latest of those cases is from 1960 and each justifies its holding by pointing to traditional patent practice. *J.D. Ferry v. Macbeth Eng'g Group*, 11 F.R.D. 75, 76 (M.D. Pa. 1951) ("The general practice in patent infringement suits has been to require the plaintiff to state what claims of a patent he alleges to have been infringed."); *Coyne & Delany Co. v. G.W. Onthank*, 10 F.R.D. 435, 436 (S.D. Iowa 1950) ("It seems clear, however, that the general practice in patent infringement suits has been to require the plaintiff to state which

claims of a patent he alleges to have been infringed."); *Marvel Slide Fastener Corp. v. Klozo Fastener Corp.*, 80 F. Supp. 366 (D.C.N.Y. 1948) ("In this district at least, patent litigation has been termed sui generis. . . . [T]he general practice in patent infringement suits has been to require the plaintiff to state which claims of a patent he alleges to have been infringed.").

More recent cases hold that a complaint need not state which patent claims were violated to provide sufficient notice and that an order for a more definite statement would be improper. *See, e.g.*, *R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*, 2002 WL 31260049, at *3 (D. Del. Oct 9, 2002); *Beery v. Hitachi Home Electronics (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2004) ("[I]n a patent infringement action, it should not be necessary to specify the claims of originality on which the plaintiff intends to rely at trial, or to give details of the respects in which the defendant has infringed the patent . . . .").

It is the Court's view that the Plaintiff's complaint need not identify the patent claims infringed. The cases cited by the Defendant give no reason why the traditional patent practice of requiring more information in complaints ought to be followed when the complaint is not vague or ambiguous and puts the Defendant on notice. No doubt requiring the Plaintiff to provide more information in its complaint would make responding easier for the Defendant, but the purpose of the complaint is not to produce information; it is to provide notice. The Defendant can obtain the information he seeks in discovery. The Plaintiff's complaint is not vague or ambiguous and is sufficient to notify Defendant of the nature of the Plaintiff's complaint and to allow the Defendant to frame a response. The Defendant's motion for a more definite statement under Rule 12(e) is denied.

## CONCLUSION

The Defendant's motion to dismiss under Rule 12(b)(6) and the Defendant's motion for a more definite statement under Rule 12(e) are both DENIED.

SO ORDERED on October 4, 2005.

   S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT