UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TIPPMANN PNEUMATICS, LLC** ) | |
| n/k/a **Tippmann Sports, LLC** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | CAUSE NO.  1:04-CV-449 |
| ) | |
| **BRASS EAGLE, LLC** ) | |
| d/b/a **Viewloader,** ) | |
| ) | |
|     **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is a revised proposed protective order stipulated to by the parties. (Docket # 46.)  Because the proposed order contains circular definitions of confidential material, causing the proposed order to be vague and overly broad, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the revised protective order submitted by the parties falls short of establishing a basis for finding good cause.

The revised proposed order first defines "Confidential Material" as "confidential research, development, financial, or commercial information that would cause competitive injury to the [p]roducing [p]arty if said information were made public or revealed to a competitor." (Revised Proposed Order ¶ 4(A).)  The proposed order then later enables a party to designate material as "Confidential" if the material is a trade secret or falls within certain categories of information articulated in paragraph 5 of the proposed order. (*Id*. ¶ 7.)  This is where a gap exists in the proposed order, resulting in it being vague and overly broad.  The proposed order fails to

require that the material, which must constitute a trade secret or fall within certain defined categories articulated in the order, *also satisfy* the definition of "Confidential Material" (as the term was first defined in the order) for it to be protected and labeled as such by the parties.

Moreover, the generic term "confidential information" is later incorporated into the proposed order, enabling parties to freely redact "confidential information" and file under seal entire documents "[w]hen any confidential information is embodied in any document, or attachment thereto . . . ." (*See id*. ¶¶ 5, 10.)  This serves to compound the vagueness already prevalent in the proposed order.

Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook*, 206 F.R.D. at 248-49; *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the Court is not satisfied that the parties know what information constitutes protected material. *See Cincinnati Insurance*, 178 F.3d at 946 (a judge must "satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets").  Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But

such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).  Of course, the parties may submit a protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the revised proposed stipulated protective order submitted by the parties (Docket # 46).  SO ORDERED.

Enter for this 3rd day of November, 2005.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge